UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 22-CR-00121(1) (JMB/DTS) |
| Plaintiff, | |
| v. | ORDER |
| Santino Lamar Watson, | |
| Defendant, | |
| Nathan David Staskiewicz, | |
| Petitioner. | |

This matter is before the Court self-represented Petitioner Nathan David Staskiewicz's Petition Asserting Interest in Property Pursuant to 21 U.S.C. § 853(n) (Petition) (Doc. No. 68), in which he seeks adjudication of his asserted interest in property that was seized in connection with the underlying prosecution of Defendant Santino Lamar Watson. For the reasons set forth below, the Court denies Staskiewicz's Petition as untimely.

## BACKGROUND

The procedures by which third parties may assert interest in property subject to forfeiture in criminal proceedings are set forth in 21 U.S.C. § 853. Section 853 provides, in relevant part, that "any person, other than the defendant, asserting a legal interest in property which has been forfeited to the United States may . . . petition the court . . . to

1

adjudicate the validity of his alleged interest in the property." 21 U.S.C § 853(n)(2). The ancillary proceeding contemplated in section 853 is governed by Federal Rule of Criminal Procedure 32.2.(c). *See United States. v. Timely*, 507 F.3d 1125, 1129 (8th Cir. 2007). According to those rules, after the Court enters a preliminary forfeiture order, the Government is required to publish the notice of the order so that interested third parties may seek adjudication of any asserted interest in the property at issue. 21 U.S.C. § 853(n)(1). In the event no third-party petitioners come forward to assert interest in the property, then "the United States shall have clear title to property that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser or transferee." *Id.* § 853(n)(7).

In October 2022, Defendant Santino Lamar Watson pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. No. 36.) Two weeks after his plea, on October 17, 2022, the Government filed a motion for preliminary order of forfeiture pursuant to Federal Rule of Criminal Procedure 32.2(b), in which the Government alleged that a sufficient nexus existed between a Sig Sauer Model P365 9mm semiautomatic pistol bearing serial number 66A34595 and its accessories and ammunition (the Property) and the offense to which Watson pleaded guilty. (Doc. No. 37; *see also* Doc. No. 17 at 2 (setting forth forfeiture allegations in Indictment).) The Court granted the motion and issued a preliminary order of forfeiture. (Doc. No. 39.)

Thereafter, in accordance with the Court's preliminary order of forfeiture and 21 U.S.C. § 853(n)(1) and 28 U.S.C. § 2461(c), the Government published the Court's

preliminary order on www.forfeiture.gov for a period of at least thirty days starting on November 9, 2022, and advised all unknown interested third parties of their right to petition the court within 60 days from the first date of publication for a hearing to adjudicate their interest in the Property. No third party came forward. (*See* Doc. No. 64 at 2.) Accordingly, the Government moved for a final order of forfeiture. (*See* Doc. No. 64.) The Court issued a final order of forfeiture on June 14, 2023, at which time, according to 21 U.S.C. § 853(n)(7), the Government took clear title to the Property. (Doc. No. 66; *see also* Doc. No. 67 (entering judgment on final order of forfeiture).)

Then, nearly a year later on June 11, 2024, Staskiewicz filed his Petition. (Doc. No. 68.) In it, Staskiewicz states that he purchased a Sig Sauer Model P365 9mm semiautomatic pistol with serial number 66A343595 (i.e., the Property) "a little less than a year prior to the incident," and that it was stolen from his vehicle in June 2021. (*Id.*) Staskiewicz attached to his petition a Roseville Police Department police report. (Doc. No. 68-1.) That report shows that Staskiewicz reported the pistol stolen from his vehicle on June 21, 2021, and that the St. Paul Police Department recovered it during a traffic stop involving Watson eight days later. (*See id.*) The report also shows that someone from the St. Paul Police Department "spoke with [Staskiewicz] and informed him of the recovery," and that he was given contact information for follow-up with the St. Paul Police Department. (*See id.* at 3.) In his Petition, Staskiewicz seeks adjudication of his interest in the Property. (*Id.*)

## DISCUSSION

Here, the Government followed the forfeiture process as contemplated 21 U.S.C. § 853(n) and Federal Rule of Civil Procedure 32.2. During the notice period between the Court's issuance of the preliminary order of forfeiture and before the Government moved for final order of forfeiture, the Government did not receive any third-party petitions asserting interest in the Property. As a result, the Government moved for and was granted a final order of forfeiture. *See* (Doc. Nos. 66, 67.) Staskiewicz did not file a petition asserting his claimed interest in the Property during the statutory time period to do so; he did so nearly a year after the Government took clear title to the Property. His Petition is untimely and will be denied.

## ORDER

Therefore, based upon all the files, records, and proceedings in the above-captioned matter, IT IS HEREBY ORDERED THAT Petitioner Staskiewicz's Petition Asserting Interest in Property Pursuant to 21 U.S.C. § 853(n) (Doc. No. 68) is DENIED.

Dated: July 30, 2024               /s/ *Jeffrey M. Bryan*
                                   Judge Jeffrey M. Bryan
                                   United States District Court